**NOT FOR PUBLICATION**

```
          UNITED STATES DISTRICT COURT
             DISTRICT OF NEW JERSEY
```

EDWARD L. ROBINSON,          :
                             :   Civil Action No. 06-2207 (SRC)
          Petitioner,        :
                             :
     v.                      :   **OPINION**
                             :
ROBERT H. CATHEL, et al.,    :
                             :
          Respondents.       :


**APPEARANCES:**

Petitioner pro se                 Counsel for Respondents
Edward L. Robinson                Christopher W. Hsieh
New Jersey State Prison           Ofc. of Passaic Co. Prosecutor
P.O. Box 861                      401 Grand Street
Trenton, NJ 08625                 Paterson, NJ 07505

**CHESLER**, District Judge

    Petitioner Edward L. Robinson, a prisoner currently confined at New Jersey State Prison, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Administrator Robert H. Cathel and the Attorney General of New Jersey. This matter is presently before the Court upon Respondents' Motion [8] to Dismiss the Petition as untimely.

    For the reasons stated herein, the Motion to Dismiss will be granted.

I. BACKGROUND

Pursuant to a jury verdict following trial in the Superior Court of New Jersey, Law Division, Passaic County, Petitioner was convicted of first-degree robbery and related weapons charges. He was sentenced to an aggregate term of life imprisonment plus ten years with a thirty-year period of parole ineligibility.

On direct appeal, on July 24, 2000, the Supreme Court of New Jersey affirmed. State v. Robinson, 165 N.J. 32 (2000). Petitioner did not petition the United States Supreme Court for a writ of certiorari.

Petitioner filed his first state-court petition for post-conviction relief on October 18, 2000, less than ninety days after the decision of the Supreme Court of New Jersey. The trial court denied relief on March 22, 2002, and the Appellate Division affirmed the denial of relief on April 11, 2003. (Motion to Dismiss, Ex. Ra3-5.) The record submitted to this Court does not reflect that Petitioner petitioned the Supreme Court of New Jersey for certification.

On May 23, 2003, forty-two days after the decision of the Appellate Division, Petitioner filed his second state-court petition for post-conviction relief. (Motion to Dismiss, Ex. Ra8.) The trial court denied the second PCR petition on June 27, 2003. (Motion to Dismiss, Ra6.) On November 17, 2005, the Appellate Division dismissed Petitioner's appeal as untimely.

2

(Petitioner's Response, Ex. PA-1.) On March 16, 2006, the Supreme Court of New Jersey denied certification. (Response, Ex. PA-14.) State v. Robinson, 186 N.J. 364 (2006).

This Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, dated April 9, 2006, was received in this Court on May 15, 2006.

Respondents have moved to dismiss the Petition as untimely. Respondent has responded, urging that the Petition is timely pursuant to principles of statutory and/or equitable tolling.

## II.  ANALYSIS

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. ...

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Thus, evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

To statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed."

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record.  And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally.  But in common usage, the question whether an application has been

> "properly filed" is quite separate from the question whether the claims <u>contained in the application</u> are meritorious and free of procedural bar.

<u>Artuz v. Bennett</u>, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted) (finding that a petition was not "[im]properly filed" merely because it presented claims that were procedurally barred under New York law on the grounds that they were previously determined on the merits upon an appeal from the judgment of conviction or that they could have been raised on direct appeal but were not).

Where a state court has rejected a petition for post-conviction relief as untimely, however, it was not "properly filed" and the petitioner is not entitled to statutory tolling under § 2244(d)(2). <u>Pace v. Diguglielmo</u>, 544 U.S. 408 (2005). This is so even where, in the alternative, the state court addresses the merits of the petition in addition to finding it untimely. <u>Carey v. Saffold</u>, 536 U.S. 214, 225-26 (2002).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a timely notice of appeal to a higher court, <u>Carey v. Saffold</u>, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, <u>Swartz v. Meyers</u>, 204 F.3d at 420-24. However, "the

time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) also is subject to equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations and punctuation marks omitted). Among other circumstances, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. Jones, 195 F.3d at 159. See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither

the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Finally, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).

Here, Petitioner's conviction became "final" on October 22, 2000, ninety days after the decision of the Supreme Court of New Jersey affirming the conviction. As Petitioner filed his first PCR petition on October 18, 2000, no time elapsed from the federal limitations period before the filing of the first PCR petition.

Forty-two days elapsed between the decision of the Appellate Division affirming the denial of the first PCR petition and the filing of the second PCR petition. As this is less than the 45-day appeal period provided by New Jersey law, see N.J.Ct.R. 2:4-1, no time elapsed from the federal limitations period between the decision of the Appellate Division affirming the

denial of the first PCR petition and the filing of the second PCR petition. <u>See</u> <u>Swartz</u>, 204 F.3d at 420-24.

Following the denial of the second PCR petition on June 27, 2003, Petitioner had 45 days, or until August 11, 2003, to appeal to the Appellate Division. This Petitioner did not do, causing the Appellate Division to dismiss his appeal as untimely. Therefore, the limitations period began to run on August 11, 2003. <u>See</u>, e.g., <u>Evans v. Chavez</u>, 546 U.S. 189, 126 S.Ct. 846, 849 (2006) ("The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, <u>provided that</u> the filing of the notice of appeal is timely under state law." (citing <u>Cary v. Saffold</u>, 356 U.S. 214 (2002) (emphasis in original)); <u>Smith v. Carroll</u>, 441 F.Supp.2d 656 (D. Del. 2006) (where appeal of denial of state-court motion for post-conviction relief is dismissed as untimely, limitations period is statutorily tolled only through the date for filing a timely post-conviction appeal). Thus, Petitioner had until August 11, 2004, absent equitable tolling, to file his federal habeas petition.

Petitioner argues that he is entitled to equitable tolling because the PCR court lost his appeal documents.

> Petitioner then, having a separate matter before the same court, appealed but was met with unforeseen delay, i.e., the lower courts loss of petitioner's appellate

8

documents and the presiding judge's legal problems (PA 6-15.)

(Response at 2.) The referenced exhibits reflect, however, that Petitioner did not contact the Office of the Public Defender about an appeal until April 1, 2004, almost eight months after the deadline for filing a notice of appeal. (Response, Ex. PA-6.) Petitioner did not contact the Appellate Division until early 2005. (Response, Ex. PA-7.) Significantly, Petitioner does not attach to his Response any copies of a timely notice of appeal or correspondence reflecting diligent enquiry with the PCR court or the Appellate Division following the denial of the second PCR petition and the alleged filing of a timely notice of appeal. Petitioner has failed to establish that he was, in some extraordinary way, prevented from asserting his rights or that he exercised reasonable diligence in pursuing his rights. Petitioner has failed to establish that he is entitled to equitable tolling.

Accordingly, this Petition dated April 9, 2006, is untimely and must be dismissed.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether this Court was correct in its procedural ruling. No certificate of appealability shall issue.

## IV.  CONCLUSION

For the reasons set forth above, the Motion to Dismiss must be granted. An appropriate order follows.

                            Stanley R. Chesler
                            United States District Judge

Dated: 2/1/07