**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

|  |  |  |
|---|---|---|
| EDWARD L. ROBINSON, | : | |
| Petitioner, | : | Civil Action No. 06-2207(SRC) |
| v. | : | **OPINION** |
| ROBERT H. CATHEL, et al., | : | |
| Respondents. | : | |

**CHESLER,** District Judge

This matter comes before the Court on Petitioner's motion, pursuant to Federal Rule of Civil Procedure 60(b), for relief from the Court's February 2007 Order dismissing as untimely his habeas corpus petition. (ECF No. 12). Respondents filed an opposition to Petitioner's motion (ECF No. 13), and Petitioner filed a Reply (ECF No. 14.) For the reasons discussed below, the Court will deny Petitioner's motion.

I.   BACKGROUND

On February 5, 2007, this Court granted Respondents' motion to dismiss Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF Nos. 10, 11.) Petitioner was convicted in state court of first degree robbery and related

1

weapons charges, and the Supreme Court of New Jersey affirmed the conviction and sentence on July 24, 2000. (ECF No. 11 at 2.) Petitioner filed his first state court petition for post-conviction relief on October 18, 2000, which was denied. (Id.) The Appellate Division affirmed on April 11, 2003, and Petitioner did not appeal to the New Jersey Supreme Court. (Id.)

Petitioner filed a second petition for post-conviction relief in state court on May 23, 2003, which was denied on June 27, 2003. (Id.) More than two years later, on November 17, 2005, the New Jersey Superior Court Appellate Division dismissed Petitioner's appeal as untimely, and the Supreme Court of New Jersey denied certification on March 16, 2006. (Id. at 2-3.)

Petitioner filed his first petition for a writ of habeas corpus under 28 U.S.C. § 2254 on May 15, 2006. (Id. at 3.) This Court found that, absent equitable tolling, the statute of limitations for Petitioner's habeas petition expired on August 11, 2004, and his petition was untimely. (Id. at 8-9.)

Petitioner argued that equitable tolling was appropriate because the PCR Court lost his appeal documents. (Id.) However, there was no evidence that Petitioner timely noticed an appeal or even contacted the Public Defender to initiate his appeal until eight months after the deadline had passed. (Id. at 9.) Thus, in February 2007, this Court denied Petitioner's request

for equitable tolling, and dismissed his § 2254 habeas petition as untimely. (Id.)

On October 16, 2015, Petitioner filed the present motion under Federal Rule of Civil Procedure 60(b) for relief from the Court's February 2007 Order dismissing his § 2254 habeas petition. (ECF No. 12.) Petitioner asserted the state courts erred in finding his appeal of his second petition for post-conviction relief untimely. (ECF No. 12 at 1.) In support of this claim, Petitioner alleged that he submitted a mail receipt signed by the County Clerk, purportedly showing she received Petitioner's notice of appeal on April 28, 2005, making it timely. (ECF No. 12 at 1-2, and Ex. A.)[1] Petitioner further asserted that "during this time period," he suffered from mental illness and was taking psychotropic medications. (Id. at 2.) Petitioner concluded that he:

> made a prima facie showing that the claims advanced relied on a retroactively applicable new rule of constitutional law which viewed in the light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that he was denied effective assistance of counsel. See 28 U.S.C. 2244(b)(2) and Martinez v. Ryan, 132 S.Ct. 1309, 1319-1320 (2012).

(Id.) Petitioner added that he "should not have been time barred from presenting his post-conviction relief because he made a

---

[1] This Court did not receive Exhibit A with Petitioner's Rule 60(b) motion.

timely filing. . . . The above attorney conduct demonstrates ineffective assistance of appellate counsel and the denial of Petitioner's right to a meaningful appeal." (Id. at 3.) Petitioner did not describe what his counsel did or failed to do.

Petitioner also cited 28 U.S.C. § 2253(c)(2) for relief. (Id. at 6.) He argued that a prisoner requesting a Certificate of Appealability or a successive petition makes a substantial showing of denial of a constitutional right when "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issue presented are adequate to deserve encouragement to proceed." (Id.) Petitioner stated:

> [i]n view of the above this case should be reopened and or reinstated pursuant to Fed. Rule 60(b)(1), (3), (6). Thus the grounds for reconsideration that Petitioner is relying on include (1) mistake; (2) fraud; and (6) any other reason justifying relief.

(Id. at 7.)

Acknowledging that motions brought under Federal Rule of Civil Procedure 60(b)(1), (2), or (3) shall not be brought more than one year after the challenged judgment or order, in this case February 5, 2007, Petitioner asserted:

> [i]ndeed, Petitioner's motion is in fact a further attempt to attack his underlying conviction and sentence. In that regard, his

4

motion should be construed as an attempt to
file a second 2254 petition or to reopen his
first Petition for relief pursuant to 2254.

(Id. at 8.) Petitioner concluded that his habeas claim is not

untimely because his procedural default in state court was

caused by ineffective assistance of counsel and excused under

Martinez v. Ryan, 132 S.Ct. 1309 (2012).

Respondents were understandably confused by Petitioner's

submission but they opposed relief under Rule 60(b) or based on

a claim of ineffective assistance of counsel. (ECF No. 13.)

Respondents argued Petitioner's motion (1) constitutes a second

or subsequent habeas petition which is not cognizable without

prior authorization from the Third Circuit Court of Appeals; (2)

is time-barred; and (3) does not identify any grounds satisfying

the prerequisites of Rule 60(b). (Id. at 2.)

II.   DISCUSSION

As Petitioner acknowledged, he is not entitled to relief

under Rule 60(b)(1), (2) or (3) because he did not bring the

motion by February 7, 2008, within one year "after the entry of

the judgment, order or the date of the proceeding". Fed. R. Civ.

P. 60(c)(1). Rule 60(b)(6) offers relief from an order or

judgment for "any other reason that justifies relief." Such a

motion must be made "within a reasonable time." Fed. R. Civ. P.

60(c)(1). Eight years after the challenged judgment is not a

reasonable period of time in which to seek relief, particularly

because the evidence Petitioner offered concerning the

timeliness of his state court appeal, a written receipt dated

April 28, 2005 from a County Clerk, could have been discovered

years ago. See Moolenaar v. Government of the Virgin Islands,

822 F.2d 1342, 1348 (3d Cir. 1987) (finding Rule 60(b)(6) motion

filed two years after the judgment was not made within a

reasonable time).

Petitioner also argued that "his motion should be construed

as an attempt to file a second 2254 petition or to reopen his

first Petition for relief pursuant to 2254." It is too late for

Petitioner to reopen his first habeas petition, which was

dismissed with prejudice as time-barred in 2007. Robinson v.

Cathel, No. Civ. A.06-2207(SRC), 2007 WL 431027 (D.N.J. Feb. 5,

2007); see U.S. v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003)

(motion for reconsideration under Federal Rule of Civil

Procedure 59(e), alleging legal error in a judgment, exceeded

ten-day limit).

Petitioner may seek permission from the Third Circuit Court

of Appeals to file a second § 2254 petition, but he cannot file

such a motion in the first instance in the district court. 28

U.S.C. § 2244(b)(3)(A) ("Before a second or successive

application permitted by this section is filed in the district

court, the applicant shall move in the appropriate court of

6

appeals for an order authorizing the district court to consider the application.")

III. CONCLUSION

For the reasons discussed above, in the accompanying Order filed herewith, the Court will deny Petitioner's Rule 60(b) motion for reconsideration.

Dated:_____, 2015

_____
STANLEY R. CHESLER
United States District Judge